United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-30027
Summary Calendar

---

LEON HARRIS,

Plaintiff-Appellant,

versus

HARRY LEE; JEFFERSON PARISH POLICE DEPARTMENT;
JOHN DOYLE, III; PHILLIP DESALVO; DEPUTY CLOGHER;
OFFICER GUILLOT; OFFICER CERAVOLO; OFFICER BRYSON,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-2233-B
USDC No. 02-CV-2761

---

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:*

　　　Leon Harris appeals the magistrate judge's judgment denying his claim that Jefferson Parish deputies entered his apartment twice without a warrant in November 1998, planted cocaine and a firearm, and threatened and beat him and his wife, Adele Harris. For the first time on appeal, Harris argues that Adele Harris was not his wife, did not live in the apartment, and did not

---

　　　* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have authority to consent to a search of the apartment.  Harris may not raise a new theory of relief for the first time on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Harris has not shown that the magistrate judge erred in determining that the first search did not violate his Fourth Amendment rights.  The magistrate judge implicitly determined that the officers' testimony was more credible than the Harrises' testimony concerning the first search; Harris has not shown that the magistrate judge's credibility determination was clearly erroneous.  See Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998).  Harris has not shown that the magistrate judge clearly erred in determining that Adele Harris consented to the search and that her consent was not due to coercion, force, threats, or any promises made by the officers.  See United States v. Shelton, 337 F.3d 529, 532 (5th Cir. 2003), cert. denied, 124 S. Ct. 1507 (2004).

Harris argues that the magistrate judge erred in determining that the second search did not violate his Fourth Amendment rights.  Harris has not shown that the magistrate judge clearly erred in determining that the officers' testimony was more credible than the Harrises' testimony concerning the second search.  See Baldwin, 137 F.3d at 839.  Harris has not shown that the magistrate judge clearly erred in determining that the officers had exigent circumstances to conduct the second search of his apartment.  See

2

United States v. Vasquez, 953 F.2d 176, 179 (5th Cir. 1992). The evidence presented at the trial indicates that through the open doorway of his apartment, the officers observed Harris jump up from the kitchen table and run to the back of the apartment with a clear plastic bag containing a white powder substance. The magistrate judge did not err in determining that the officers believed that Harris was attempting to destroy contraband and that exigent circumstances existed justifying the warrantless search of Harris's apartment. See United States v. Blount, 123 F.3d 831, 837 (5th Cir. 1997).

**AFFIRMED.**